**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>             Plaintiff,<br><br>  -against-<br><br>MANUFACTURERS ALLIANCE INSURANCE COMPANY,<br><br>            Defendant. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, The Travelers Indemnity Company ("Travelers") by and through its undersigned counsel, files this Complaint for Declaratory Judgment against Defendant Manufacturers Alliance Insurance Company ("MAI"), and in support thereof avers as follows:

**NATURE OF THE ACTION**

1. This is a declaratory judgment action pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 57, seeking a declaration that Defendant MAI owes a duty to defend and indemnify KRE Spring View Apartments LP and KRE Spring View Apartments II LP (collectively, "KRE"), as additional insureds under a commercial general liability policy issued by MAI to its named insured, Evercor Facility Management, Inc. ("Evercor").

2. MAI has wrongfully denied Travelers' tender demand for additional insured coverage, notwithstanding that the underlying complaint plainly alleges that Evercor's negligent performance of snow and ice removal services contributed to the plaintiff's injuries, thereby triggering MAI's duty to defend and indemnify under the clear terms of the additional insured endorsements in the MAI policy.

1

**PARTIES**

3.      Plaintiff The Travelers Indemnity Company is a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Travelers issued a Commercial General Liability policy to its insureds, KRE Spring View Apartments LP and KRE Spring View Apartments II LP.

4.      Defendant Manufacturers Alliance Insurance Company is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Pennsylvania. MAI issued a commercial general liability policy to its named insured, Evercor Facility Management, Inc.

**JURISDICTION AND VENUE**

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.      The underlying liability claim involves an alleged accident in Allentown, PA, and the subject insurance covers the Allentown, PA alleged accident.

7.      This Court has authority to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57, as an actual controversy exists between the parties regarding MAI's insurance coverage obligations.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and the underlying action is currently pending in the Court of Common Pleas of Lehigh County, Pennsylvania, which is within this District.

## FACTUAL BACKGROUND

**A.     The Underlying Incident and Lawsuit**

9.     On or about January 7, 2024, Dennis Krause ("Plaintiff Krause"), a tenant at the KRE Spring View Apartments complex located at 231 Robert Morris Boulevard, Allentown, Pennsylvania, allegedly slipped and fell in the parking lot of the complex due to an accumulation of ice and/or snow.

10.     As a result of the alleged fall, Plaintiff Krause claims to have sustained serious physical injuries, including a left tibial plateau fracture and meniscus tear requiring surgical intervention.

11.     On or about July 19, 2024, Plaintiff Krause filed a Complaint in the Court of Common Pleas of Lehigh County, Pennsylvania, Docket No. 2024-C-2385 (the "Underlying Action"), naming, among others, KRE Spring View Apartments LP, KRE Spring View Apartments II LP, and Evercor Facility Management, Inc. as defendants.

12.     The Underlying Complaint asserts claims of negligence against KRE, alleging, among other things, failures to clear ice and snow.

13.     The Underlying Complaint further alleges that Evercor was negligent in performing snow and ice removal services at the property, and that Evercor's negligent performance of such services contributed to Plaintiff Krause's injuries.

14.     Plaintiff Krause seeks damages against defendants, plus costs of suit, encompassing past and future medical expenses, lost earnings and earning capacity, pain and suffering, and permanent scarring and disfigurement.

**B.    The Facility Management Agreement and Evercor's Insurance Procurement Obligation**

15.    Evercor was retained to perform snow and ice removal services at the KRE Spring View Apartments complex pursuant to a Facility Management Agreement (the "Facility Management Agreement").

16.    The Facility Management Agreement expressly obligated Evercor to procure commercial general liability insurance and to name KRE Spring View Apartments LP and KRE Spring View Apartments II LP as additional insureds under Evercor's policy of insurance.

17.    The Facility Management Agreement's insurance procurement obligation specifically addresses KRE Spring View Apartments LP and KRE Spring View Apartments II LP, consistent with the named entities in the additional insured endorsements of the MAI policy.

**C.    The MAI Insurance Policy and Additional Insured Endorsements**

18.    MAI issued a commercial general liability policy to its named insured, Evercor Facility Management, Inc. (the "MAI Policy").

19.    The MAI Policy contains the following additional insured endorsements: (a) Additional Insured — Owners, Lessees or Contractors — Scheduled Person or Organization, CG 20 10 12 19; and (b) Additional Insured — Owners, Lessees or Contractors — Completed Operations, CG 20 37 12 19.

20.    The additional insured endorsements extend coverage to KRE Spring View Apartments LP and KRE Spring View Apartments II LP as additional insureds under the MAI Policy.

21.    The additional insured endorsements contain "caused, in whole or in part" language, providing that additional insured coverage is triggered when the plaintiff's injuries were caused, in whole or in part, by Evercor's acts or omissions or by the acts or omissions of those

4

acting on Evercor's behalf.

**D.     Travelers' Tender and MAI's Improper Denial**

22.     Travelers, having in good faith participated in the defense and/or indemnification of KRE through KRE's policy of insurance with it, with reservations of all rights, tendered the defense and indemnity of KRE in the Underlying Action to MAI, demanding that MAI defend and indemnify KRE Spring View Apartments LP and KRE Spring View Apartments II LP as additional insureds under the MAI Policy.

23.     MAI denied Travelers' tender, asserting as grounds for denial that its named insured, Evercor, did not cause the underlying loss.

24.     MAI's denial was improper and in violation of Pennsylvania law. MAI's duty to defend is triggered solely by the allegations contained in the Underlying Complaint, which clearly allege that Evercor's negligent performance of snow and ice removal services contributed to Plaintiff Krause's injuries.

25.     Under well-established Pennsylvania law, MAI is not permitted to look beyond the four corners of the Underlying Complaint and conduct its own independent assessment of Evercor's liability as a basis for disclaiming its defense obligation to KRE.

## LEGAL STANDARD FOR DUTY TO DEFEND

26.     Under Pennsylvania law, an insurer's duty to defend an action against its insured is measured, in the first instance, by the allegations in the plaintiff's pleadings. This duty is distinct from and broader than the insurer's duty to provide indemnification.

27.     Provided the underlying allegations encompass an injury that is actually or potentially within the scope of the policy, an insurer must defend its insured. This duty to defend persists until the claim is confined to a recovery that the policy does not cover.

5

28.     In making this determination, the factual allegations of the underlying complaint against the insured are to be taken as true and liberally construed in favor of the insured.

29.     The duty to defend is not limited to meritorious actions; it even extends to actions that are groundless, false, or fraudulent, as long as there exists the possibility that the allegations implicate coverage.

30.     An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy.

31.     Since the duty to defend is broader than the duty to indemnify, if there is a duty to defend, there is a conditional obligation to indemnify until it becomes clear that there can be no recovery within the insuring clause.

## COUNT I — DECLARATORY JUDGMENT: DUTY TO DEFEND

32.     Plaintiff repeats and re-alleges the averments set forth in paragraphs 1 through 31 as if fully set forth herein.

33.     The Underlying Complaint plainly alleges that Evercor's negligent performance of snow and ice removal services at the KRE Spring View Apartments complex contributed to the plaintiff's injuries.

34.     The additional insured endorsements in the MAI Policy extend coverage to KRE for liability arising from Evercor's acts or omissions in performing services at the property.

35.     The "caused, in whole or in part" language in the additional insured endorsements is satisfied by the Underlying Complaint's allegations that Evercor's negligence, at least in part, caused or contributed to Plaintiff Krause's injuries.

36.     Liberally construing the allegations of the Underlying Complaint in favor of the

insured, as required by Pennsylvania law, the allegations are adequate to establish MAI's duty to defend KRE Spring View Apartments LP and KRE Spring View Apartments II LP as additional insureds under the MAI Policy.

37. By denying coverage and refusing to defend KRE as additional insureds in the Underlying Action, MAI has breached, and continues to breach, its duty to defend under the MAI Policy.

38. Travelers is entitled to a declaration that MAI owes a duty to defend KRE Spring View Apartments LP and KRE Spring View Apartments II LP as additional insureds in the Underlying Action, and that MAI must reimburse Travelers for all defense costs, fees and expenses incurred.

## COUNT II — DECLARATORY JUDGMENT: DUTY TO INDEMNIFY

39. Plaintiff repeats and re-alleges the averments set forth in paragraphs 1 through 38 as if fully set forth herein.

40. Since MAI owes a duty to defend KRE in the Underlying Action as additional insureds under the MAI Policy, MAI also has a conditional obligation to indemnify KRE for any judgment or settlement arising from the Underlying Action that falls within the scope of the MAI Policy's coverage.

41. To the extent that KRE is found liable for damages in the Underlying Action that are within the scope of coverage under the MAI Policy, MAI is obligated to indemnify KRE for such damages.

42. Travelers is entitled to a declaration that MAI owes a duty to indemnify KRE Spring View Apartments LP and KRE Spring View Apartments II LP for any covered damages arising from the Underlying Action and MAI must reimburse Travelers for any and all indemnity

payments incurred.

## COUNT III — BREACH OF CONTRACT

43. Plaintiff repeats and re-alleges the averments set forth in paragraphs 1 through 42 as if fully set forth herein.

44. The MAI Policy constitutes a valid and enforceable contract of insurance.

45. KRE Spring View Apartments LP and KRE Spring View Apartments II LP are entitled to the benefits of the MAI Policy as additional insureds thereunder.

46. By refusing to defend and/or indemnify KRE in the Underlying Action notwithstanding the clear application of the additional insured endorsements, MAI has breached the MAI Policy.

47. As a direct and proximate result of MAI's breach of contract, Travelers has suffered damages, including defense costs, fees and expenses incurred to defend KRE in the Underlying Action as well as indemnity potential payments, in an amount to be determined at or before trial but in excess of $75,000 claimed in controversy.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Travelers Indemnity Company, respectfully requests that this Court enter judgment in its favor and against Defendant Manufacturers Alliance Insurance Company, and award the following relief:

A. A declaration that MAI owes a duty to defend KRE Spring View Apartments LP and KRE Spring View Apartments II LP as additional insureds in the Underlying Action pending in the Court of Common Pleas of Lehigh County, Pennsylvania, Docket No. 2024-C-2385 on a primary non-contributory basis;

B. A declaration that MAI must reimburse Travelers for all defense costs, fees and

8

expenses incurred in defending KRE in the Underlying Action;

C.  A declaration that MAI owes a duty to indemnify KRE Spring View Apartments LP

and KRE Spring View Apartments II LP for any and all covered damages arising from

the Underlying Action, and to reimburse Travelers for any and all indemnity payments;

D.  An award of compensatory damages for MAI's breach of contract;

E.  An award of pre-judgment and post-judgment interest;

F.  An award of attorneys' fees, costs and expenses to the extent permitted by law for the

instant action; and

G.  Such other and further relief as this Court deems just and proper.

Dated: Morristown, NJ
      July 14, 2026                  USERY & ASSOCIATES

By:   /s/*Christopher E. Martin*
         Christopher E. Martin, Esq.
         Telephone: (917) 778-6680
         Direct: (973) 631-3182
         Facsimile: (844) 571-3789
         Email: cmarti26@travelers.com

         Please address all correspondence sent by mail
         to:
         P.O. Box 2996
         Hartford, CT 06104-2996

         Physical Address:
         445 South Street, Suite 300
         Morristown, NJ 07960

         *Attorneys for Plaintiff, The Travelers Indemnity*
         *Company*